IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHEN PULLENS,<br><br>    Plaintiff,<br><br> vs.<br><br>AYAJ, et al.<br><br>    Defendants. | 8:21CV478<br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff has filed a motion for reconsideration of the court's January 3, 2022 Memorandum and Order, which denied Plaintiff's motion for leave to proceed in forma pauperis ("IFP"). The motion to reconsider (Filing 8) will be granted in part and denied in part.

  Plaintiff complains he was found ineligible to proceed IFP because his prison trust account balance was unusually large as the result of the deposit of a government stimulus check. For the past 6 months, Plaintiff's average monthly balance was $2,010.01 and his average monthly deposits were $334.32. Plaintiff states his current balance is approximately $1,400.00, and his monthly income is significantly reduced because he lost his job in the prison library in September. Plaintiff's IFP application shows he has no outside source of income, savings, or assets.

  In the court's previous Memorandum and Order, it was stated that "even if the court were to grant Plaintiff in forma pauperis status, he would be required to pay 20 percent of $2,010.01, or $402.00, which is equivalent to the $402 filing fee for this matter." (Filing 7 at 1.) Upon reconsideration, the court finds it was error to deny Plaintiff IFP status based solely on the formula used to calculate the amount of an initial partial filing fee under 28 U.S.C. § 1915(b)(1). The court should consider Plaintiff's overall financial situation, just like it would a non-prisoner.

  However, because Plaintiff is a prisoner, the court cannot waive the filing fee. "The purpose of the Prison Litigation Reform Act was to require all prisoner-

litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

Under the PLRA, an indigent inmate who files a lawsuit in federal court must pay a $350.00 filing fee,[1] first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b).[2] Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee.[3]

Accordingly, Plaintiff's application to proceed IFP will be granted, but he shall be required to pay a $350.00 filing fee at the outset of the case, as mandated by 28 U.S.C. § 1915(b).

---

[1] The court's filing fee of $402.00 for §1983 actions includes the $350.00 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52 ...."). Prisoners granted IFP status are not required to pay the $52.00 administrative fee under the PLRA.

[2] "The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

[3] It is also well-established in this circuit that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

IT IS THERFORE ORDERED that Plaintiff's motion to reconsider (Filing 8) is granted in part and denied in part, as follows:

1. The court's Memorandum and Order of January 3, 2022, is withdrawn.

2. Plaintiff's motion for leave to proceed in forma pauperis (Filing 2) is granted.

3. Plaintiff must pay a full filing fee of $350.00 within 30 days unless the court extends the time in which he has to pay in response to a written motion.

4. Plaintiff is advised that, following payment of the filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) & 1915A. The court will conduct this initial review in its normal course of business.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: February 22, 2022: initial partial filing fee due.

Dated this 21st day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge