IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHEN PULLENS,<br><br>             Plaintiff,<br><br>vs.<br><br>AYAJ, et al.<br><br>             Defendants. | 8:21CV478<br><br>**MEMORANDUM<br>AND ORDER** |

    Plaintiff has filed a motion for reconsideration of the court's February 15, 2022 Memorandum and Order, (Filing 13), which denied Plaintiff's conditional motion to withdraw his Complaint (Filing 12).

    The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Id.* (quoting *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003); *see Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure.").

    Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Rule 60(b)(6) "should be only sparingly used and may not be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Salazar v. District of Columbia,* 633 F.3d 1110, 1120 (D.C. Cir. 2011).

Plaintiff has not demonstrated any legitimate reason for granting him relief from the court's non-final order of February 15, 2022. Although the court waived its administrative fees of $52.00 when it granted Plaintiff leave to proceed in forma pauperis ("IFP"), the Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the court's $350.00 filing fee. 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). Even if Plaintiff was surprised that he is required to pay a filing fee, or that government stimulus checks are not excluded from his trust account balance under 28 U.S.C. § 1915(b)(1), these are unilateral mistakes of law which do not warrant relief under Rule 60(b)(1). *See Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 369 (8th Cir. 2018).

In the court's January 21, 2022 Memorandum and Order granting Plaintiff IFP status (Filing 9), Plaintiff was ordered to pay the filing fee within 30 days. He has failed to do so. If Plaintiff's failure to pay by the court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account or other circumstances beyond his control, his failure to pay within the time ordered by the court will be excused. *See Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as

prison officials' failure to adhere to his request to remit payment using funds from his account"). Plaintiff now regrets filing this action, and claims hardship, but has not shown he is unable to pay the filing fee because of circumstances beyond his control, or even that he is unable to pay the filing fee.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for reconsideration (Filing 14) is denied.

2. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 25, 2022**: check for response to show cause order.

4. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 23rd day of February 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge