# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

STEPHEN PULLENS,

          Plaintiff,

    vs.

AYAJ, Mr.; MR.   GEERDES, Mr.;
BOYD, Mr.; HOGAN, Ms.; NELSON,
Ms.; LOCUS, Mr.; FRAKES, Mr.; and
NDCS,

          Defendants.

**8:21CV478**

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion to Dismiss filed on April 4, 2022, which the court construes as a motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41. (Filing 30.) Also before the court is Plaintiff's correspondence filed on April 4, 2022 (filing 31), which the court liberally construes as a motion to stop collection of his filing fee payments.

Rule 41(a) states that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In addition, Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, Plaintiff asks the court to dismiss this action and Defendants have not been served with process. Upon consideration, the court will grant Plaintiff's motion and dismiss this matter without prejudice.

Even though this matter is being dismissed, Plaintiff remains responsible for payment of his court filing fees. As Plaintiff has been repeatedly advised, the Prison Litigation Reform Act (PLRA) "makes prisoners responsible for their filing

fees the moment the prisoner brings a civil action or files an appeal," *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997), and a district court has no discretion to waive the fee payment requirement. Nor is Plaintiff relieved from his obligation to pay the filing fee because of his pending bankruptcy matter. "[A] prisoner's obligation to pay filing fees pursuant to 28 U.S.C. § 1915(b) is not dischargeable in bankruptcy." *Chapman v. Houston*, No. 4:07CV3081, 2007 WL 2306908 (D. Neb. Aug. 8, 2007). Accordingly, Plaintiff's motion to stop collection of payments (filing 31) is denied.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's request for dismissal of this action (filing 30) is granted. This matter is dismissed without prejudice.

2.  Plaintiff's correspondence (filing 31), construed as a motion to stop collection of his filing fee payments, is denied.

3.  Plaintiff's other pending motions (filings 4 & 29) are denied as moot.

4.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 10th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge